## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JARVIUS DANTEE SETTLES**                                        **PLAINTIFF**
**ADC #158466**

**V.**                          **NO. 2:21-cv-00036-KGB-ERE**

**MARCUS ETHERLY,** *et al.*                                   **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I**.     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Kristine

G. Baker. The parties may file objections with the Clerk of Court if they disagree

with the findings or conclusion set out in the Recommendation. Objections should

be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If the parties do

not file objections, they risk waiving the right to appeal questions of fact. And, if no

objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing the record.

**II.**    **Discussion:**

Jarvius Dantee Settles, an Arkansas Division of Correction ("ADC") inmate,

filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr. Settles alleges that

Defendants Marcus Etherly and Shaquille Beale[1] used excessive force against him on December 8, 2020.  *Doc. 2 at 4.*

Pending before the Court is Defendants' motion for summary judgment, asserting that Mr. Settles failed to fully exhaust his administrative remedies before he filed this lawsuit (*Docs. 20, 21, 22)*, and Mr. Settles' response in opposition.  *Doc. 25*.

For the following reasons, the Court recommends that Defendants' motion for summary judgment be granted.

## III.  Discussion

### A.    The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. [2] See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[1] The Court previously dismissed Mr. Settles' claims against Corporal Mallard, without prejudice, for failure to accomplish timely service. *Doc. 15*.

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

## B.     The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34 ("AD 19-34"). *Doc. 20*-2. This written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19.*

To fully and properly exhaust administrative remedies under AD 19-34, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 5-13*. The grievance process ends

when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejection of an appeal. *Id. at 13*.

Thus, to properly exhaust his administrative remedies Mr. Settles was required to present his excessive force claim in a timely grievance and complete each step of the ADC's grievance process *before* he filed this lawsuit.

### C.    Grievance History

Defendants submit the declaration of Terri Grigsby-Brown, the ADC Inmate Grievance Supervisor. *Doc. 24*. Ms. Grigsby-Brown states that Mr. Settles filed five grievances related to the claims raised in this lawsuit: EAM-20-2753; EAM-20-2775; EAM-20-2791; EAM-20-2822; and EAM-20-2825. *Id. at 4*. She explains that, for each grievance, Mr. Settles failed to complete the exhaustion process beyond Step Two because he failed to appeal the Warden's decision to the appropriate Chief Deputy/Deputy/Assistant Director. Accordingly, Defendants argue that Mr. Settles failed to fully exhaust his claims against Defendants Etherly and Beale. *Id. at 5-8*. The Court agrees.

### 1.    Grievance EAM-20-2753

In grievance EAM-20-2753, Mr. Settles complained that Defendants Etherly and Beale attempted to intimidate him after he wrote a grievance regarding the December 8, 2020 assault. *Doc. 20-3 at 1*.

In his Step Two decision, the Warden stated that the matter had been referred to the internal investigation division. *Id. at 3*. Mr. Settles did not appeal that decision.

### 2.    Grievance EAM-20-2775

In grievance EAM-20-2775, Mr. Settles specifically alleged that Defendants Etherly and Beal physically assaulted him on December 8, 2020. *Doc. 20-4 at 1*. In his decision, the Warden responded that the internal investigation division had investigated Mr. Settles' grievance and determined that it was "unfounded (allegation is without merit)." *Doc. 20-4 at 4*. Mr. Settles did not appeal that decision.

### 3.    Grievance EAM-20-2791

In grievance EAM-20-2701, Mr. Settles stated that he had called the Arkansas State Police Crime Hotline to report that officers had assaulted him on December 8, 2020, and he was concerned that an investigation had not been conducted. *Doc. 20-5 at 1*.

Again, the Warden responded that the internal investigation division had investigated Mr. Settles' grievance and determined that it was "unfounded (allegation is without merit)." *Doc. 20-5 at 4*. Mr. Settles did not appeal that decision.

### 4.    Grievance EAM-20-2822

In grievance EAM-20-2822, Mr. Settles complained that Sergeant Sykes had not responded to his emergency grievance regarding the alleged assault by Defendants Etherly and Beale. *Doc. 20-6 at 1*.

In his Step Two decision, the Warden responded that the grievance regarding the alleged assault had been forwarded to the internal affairs division. *Doc. 20-6 at 3*. Mr. Settles did not appeal that decision.

### 5.    Grievance EAM-20-2805

In grievance EAM-20-2805, Mr. Settles stated that, several weeks after the alleged assault, Defendant Etherly entered his cell and "attempted to intimidate him." *Doc. 20-7 at 1*.

At Step Two, the Warden concluded that Mr. Settles' grievance was without merit. *Doc. 20-7 at 3*. Mr. Settles did not appeal that decision.

### D.    Mr. Settles' Response

Mr. Settles argues that he did not appeal the Warden's decisions because ADC officials "failed to respond and/or return [his] grievances." *Doc. 25 at 1*. Unfortunately for Mr. Settles, ADC grievance procedure allowed him to file an appeal without waiting for the Warden's response:

> If an inmate has not received a response to his/her Unit Level Grievance within the allotted time frame as stated on the Acknowledgement Form or the Extension Form, if applicable, the inmate may move to the next level of the process, an appeal to the Chief Deputy/Deputy/Assistant Director Level.

*Doc. 20-2 at 11*.

The record shows that Mr. Settles presented each of his grievances to a designated problem solver, who signed and dated the grievance form and returned a

yellow and a pink carbon copy to him.[3] *Doc. 20-3 at 1*; *Doc. 20-4 at 1*; *Doc. 20-5 at 1*, *Doc. 20-6 at 1*; *Doc. 20-7 at 1.* The record also shows that a grievance officer issued Mr. Settles an acknowledgement form for each grievance he submitted.[4] *Doc. 20-3 at 2*; *Doc. 20-4 at 2*; *Doc. 20-5 at 2*; *Doc. 20-6 at 2*; *Doc. 20-7 at 2.*

ADC policy provides that if an inmate does not receive a response from the Warden at Step Two, he may appeal to the Deputy/Deputy/Assistant Director level by submitting the original grievance and acknowledgment form. *Doc. 20-2 at 12.* Mr. Settles could have followed this procedure by submitting the pink or yellow carbon copy of his original grievances and the related acknowledge forms.

Mr. Settles has failed to present any evidence that he was prevented from moving to the third and final level in the grievance process. Thus, he has failed to create a genuine issue of material fact regarding his failure to exhaust his administrative remedies. See *Porter v. Sturm*, 781 F.3d 448, 451-52 (8th Cir. 2015)

---

[3] AD 19-34 requires that when an inmate presents a problem solver or staff member with a Step One informal resolution, "the problem solver or staff member must sign and date the form, giving the inmate back the yellow and pink copies as receipts." *Doc. 20-2 at 7.* In addition, AD 19-34 provides that if the problem solver fails to return the Step One informal resolution within three working days, the inmate "will submit a copy of his/her Unit Level Grievance Form using the pink or yellow copy . . . that he/she retained[,] following the instructions for Step Two." *Id. at 8.* Finally, AD 19-34 provides: "Whether or not the problem is resolved, the inmate *should retain* either the pink or yellow copy, which ever he did not submit for Step Two." *Id. at 9* (emphasis added).

[4] AD 19-34 provides: "The Grievance Officer shall . . . transmit an Acknowledgment or Rejection of the Unit Level Grievance Form . . . to the inmate within five (5) working days after receipt." *Doc. 20-2 at 10.*

(finding incomplete exhaustion when a prisoner failed to "pursue the . . . grievance process to its final stage").

## IV.    **<u>Conclusion</u>:**

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (*Doc. 20*) be GRANTED.

2.      Mr. Settles' claims against Defendants Etherly and Beale be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3.      The Clerk be instructed to close this case.

DATED this 14th day of March, 2022.


_____
UNITED STATES MAGISTRATE JUDGE